UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DEANNA PUEBLA                                                          CIVIL ACTION

VERSUS                                                                     NO. 06-3189

DENNY'S RESTAURANT                                           SECTION "T"(2)

ORDER AND REASONS

Before the Court is a Motion for Summary Judgment filed by Defendant, Denny's, Inc. Rec. Doc. 71. Plaintiff filed an Opposition. Rec. Doc. 63. The Motion came for hearing without oral argument on September 17, 2007, and was submitted on the briefs. The Court, after considering the law and applicable jurisprudence and the memoranda of the parties, is fully advised in the premises and ready to rule.

I.   BACKGROUND

Deanna Puebla (hereinafter, Plaintiff) filed this action against Denny's, Inc. (hereinafter, Denny's) alleging that she was sexually battered while working at a Denny's restaurant on Clearview by her manager Joel Sotelo during the morning shift in early 2004. Rec. Doc. 1 at paragraph 5. Plaintiff testified that she was sexually battered twice by Sotelo in the same day. One incident allegedly occurred in an alley behind the store and the other incident allegedly occurred in the Denny's storage room. *See* Exhibit "1" at pp. 70-73 attached to Rec. Doc. 54. Sotelo testified that the incidents were consensual. *See* Exhibit "3" attached to Rec. Doc. 54. Plaintiff alleges that as a result of the incident she became disabled and was unable to work for several months. Rec. Doc. 1 at paragraph 7. Joel Sotelo was fired as a result of the alleged incidents. Upon returning to work, Plaintiff observed that a new manager began subjecting her to "hostile comments" revolving around the incidents with Joel Sotelo. Rec. Doc. 1 at paragraph 11. Plaintiff alleges she has

sustained emotional distress and loss wages and seeks punitive damages, attorneys' fees and costs.[1]

Denny's filed the instant Motion for Summary Judgment arguing that the undisputed facts show that Plaintiff cannot prevail on the merits of any of her claims at trial. Specifically, Denny's addressed each of the following allegations in its Motion: (1) Plaintiff's claims for sexual battery; (2) retaliation; (3) sexual harassment; and (4) punitive damages. Rec. Doc. 54 at pp. 7-8. Plaintiff's opposition concedes that she has abandoned any claims for sexual battery and retaliation. Rec. Doc. 63 and 77 at p.1. As to the punitive damage claim, Plaintiff urges that she wants to "reserve" that claim pending the production of a memorandum from a Denny's employee about the transfer of Sotelo. Rec. Doc. 63 at p. 1.

Regarding the sexual harassment cause of action, Denny's Motion asserts that the undisputed facts do not support a sexual harassment cause of action under Title VII because there have been no allegations that any of Plaintiff's employment benefits were threatened to be taken away or that she would suffer any economic harm in exchange for sexual favors. Rec. Doc. 54 at 13. Accordingly, Denny's urges that Plaintiff cannot establish "quid pro quo" cause of action for sexual harassment. *Id.* Additionally, Denny's argues that Plaintiff cannot establish that the facts demonstrate a hostile or offensive work environment. Rec. Doc. 54 at pp. 14-15. Finally, Denny's argues that it has an absolute defense to liability because it exercised reasonable care to prevent and promptly correct the alleged sexually harassing behavior by immediately commencing an investigation and quickly terminating Joel Sotelo within one to two days of the incident. Rec. Doc. 54 at pp. 16-17.

Regarding punitive damages, Denny's argues that it cannot be liable for such damages because Plaintiff has not alleged Denny's acted with malice and/or reckless indifference to her

---

[1] Plaintiff's Original Complaint also sought recovery of loss of consortium; however, Judge Barbier dismissed those claims. Rec. Doc. 14.

federally protected rights. Rec. Doc. 54 at p. 17.

Plaintiff's opposition counters that Denny's has failed to meet its burden in proving the affirmative defenses laid out in the Motion.

## II.     LAW AND ANALYSIS

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56( c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  A court must be satisfied that no reasonable trier of fact could find for the nonmoving party; in other words, "the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor."  *Lavespere v. Niagara Mach. & Tool Works, Inc*., 910 F.2d 167, 178 (5th Cir.1990) *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex,* 477 U.S. at 325; *Lavespere*, 910 F.2d at 178.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists.  *See Celotex,* 477 U.S. at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial.  *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1996).

### A.     *Sexual Harassment Claim*

Title VII of the Civil Rights Act of 1964 makes it "an unlawful employment practice for an

employer ... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). This case involves alleged Title VII sexual harassement by a supervisor, i.e. Plaintiff's manager. The Fifth Circuit has a "road map" analysis for District Court's to follow in supervisor sexual harassment cases such as this. *See Casiano v. AT&T Corp.*, 213 F.3d 278 and attached appendix (5th Cir.2000) (attached appendix providing a "roadmap" for analysis of supervisor sexual harassment claims). First, the District Court determines whether the complaining employee suffered a "tangible employment action." If he has, the claim is classified as a "quid pro quo" case; if he has not, the claim is classified as a "hostile environment" case. *Wyatt v. Hunt Plywood Co., Inc*. 297 F.3d 405, 409 (5th 2002)

A quid pro quo suit, involves the conditioning of concrete employment benefits on sexual favors. *Cristia v. Systems Engineering and Security, Inc.* L 1801326, *3 -5 (E.D.La. 2004)(Vance, J). Proof that a tangible employment action resulted from a supervisor's sexual harassment renders the employer vicariously liable, and no affirmative defense can be asserted. *Wyatt*, 297 F.3d at 409. A hostile or abusive or offensive environment case involves harassment that creates a hostile or offensive working environment, even when the harassment does not affect the economic benefits of the job. *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 751-52, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998). To establish a hostile work environment claim, Plaintiff must demonstrate that: (1) she is member of a protected group; (2) she was the victim of uninvited sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a "term, condition, or privilege" of her employment; and (5) her employer knew or should have known of the harassment and failed to take prompt remedial action. *Woods v. Delta Beverage Group, Inc.*, 274 F.3d 295, 298 (5th Cir.2001)

In such a case, the next inquiry is whether the supervisor's actions constituted severe or pervasive sexual harassment. If the conduct was not severe or pervasive, the employer cannot be held liable for the supervisor's actions; if the conduct is such, the employer is vicariously liable unless the employer can establish both prongs of the *Ellerth/Faragher* affirmative defense-the only affirmative defense to vicarious liability is available in a supervisor sexual harassment hostile work environment case. *Wyatt,* 297 F.3d at 409. To establish the defense, the employer must show: (1) the employer exercised reasonable care to prevent and correct promptly any sexual harassment, and (2) the complaining employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer. *Wyatt*, 297 F.3d at 409.

The record does reveal that Plaintiff is alleging "quid pro quo" sexual harassment and she does not contest Denny's argument on this point in her opposition memorandum. Accordingly, the Court must now turn to whether summary judgment is warranted on the hostile work environment sexual harassment claim.

To state a prima facie hostile work environment claim, Plaintiff must prove that the she was subjected to severe or pervasive harassment by a supervisor based on her sex. *Harvill v. Westward Communications, L.L.C.* 433 F.3d 428, 434 (5th Cir. 2005).[2] Courts look at the totality of the

---

[2] While Denny's, in a footnote, argues that the standard is pervasive and severe, the United States Fifth Circuit has determined that the proper standard is pervasive or severe. In *Harvill*, the U.S. Fifth Circuit Court of Appeals, relying on U.S. Supreme Court case law, found that the district court erred in requiring Plaintiff to establish that the conduct was both severe and pervasive. *Harvill,* 433 F. 3d at 434-435. The Fifth Circuit also determined that the district court's error may have resulted from inconsistent application of the "severe or pervasive" standard in the circuit. *See Harvill,* 433 F. 3d at 434-435 comparing *Hockman*, 407 F.3d at 326, 329 ("severe and pervasive"), and *Shepherd*, 168 F.3d at 874 (same), with *Septimus v. Univ. of Houston,* 399 F.3d 601, 611 (5th Cir.2005) ("severe or pervasive"), *Farpella-Crosby v. Horizon Health Care,* 97 F.3d 803, 806 (5th Cir.1996) (same), *Carmon v. Lubrizol Corp*., 17 F.3d 791, 794 (5th Cir.1994) (same), and *Indest v. Freeman Decorating, Inc*., 168 F.3d 795, 802 (5th Cir.1999) (Weiner, J., specially concurring) (emphasizing that the standard is the disjunctive severe or pervasive). In accordance with the Supreme Court's decisions, the Fifth Circuit stated that it correctly stated the standard originally in *Waltman v. International Paper*, 875 F.2d 468, 477 (5th Cir.1989); therefore, subsequent incorrect statements of the test are not binding. In *Waltman,* the test is stated as "[a] hostile environment claim arises when a plaintiff alleges harassment 'sufficiently severe or pervasive to alter the conditions of [the victim's]

circumstances including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift*, 510 U.S. 17, 23, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). Courts have also considered whether the complained of conduct undermines the plaintiff's workplace competence. *Hockman v. Westward Commc'ns*, 407 F.3d 317, 326 (5th Cir.2004) *citing Butler v. Ysleta Indep. Sch. Dist*., 161 F.3d 263, 270 (5th Cir.1998). "To be actionable, the challenged conduct must be both objectively offensive, meaning that a reasonable person would find it hostile and abusive, and subjectively offensive, meaning that the victim perceived it to be so." *Shepherd v. Comptroller of Pub. Accounts*, 168 F.3d 871, 874 (5th Cir.1999) *citing Harris*, 510 U.S. at 21-22, 114 S.Ct. 367.

Assuming without deciding that the two instances involved in this case are severe or pervasive, Plaintiff's claim cannot survive because the undisputed evidence demonstrates that Denny's exercised reasonable care to prevent and to promptly remedy the harassment and that Plaintiff failed to use the preventative and remedial opportunities provided by Denny's. Denny's presented evidence, not contradicted by the Plaintiff, that the day after the incidents, she went to the Denny's at another location in the City and told someone what happened. *See* Exhibit "1" attached to Rec. Doc. 54 at p. 78. The manager at that location contacted Denny's corporate office and the investigation began resulting in Sotelo's termination on October 24, 2004, two days after the incident. Exhibit "1" attached to Rec. Doc. 54 at pp. 117-118. Prior to the incidents in October, 2004, there were not any incidents with Sotelo which Plaintiff considered to be sexually

---

employment and create an abusive working environment.'" *Waltman,* 875 F. 2d at 477. *(*Citations omitted)

inappropriate or inappropriate in any fashion.  Exhibit "1" attached to Rec. Doc. 54 at pp. 71. 83, 84, 118.  In addition, Denny's had a training program on prohibition against sexual harassment.  Exhibit "6" attached to Rec. Doc. 54 at p. 6.  Plaintiff has also received worker's compensation benefits for her claim.  Exhibit "9" attached to Rec. Doc. 54.  Plaintiff also took a few weeks off after the incidents then returned to work at Denny's without incident.  Exhibit "1" attached to Rec. Doc. 54 at pp. 88-89.  These facts are not disputed by Plaintiff and are in fact admitted in her "Statement of Controverting Facts."  *See* Rec. Doc. 63.

In *Cristia v. Systems Engineering and Security, Inc*.  2004 WL 1801326, *4 (E.D. La. 2004), Judge Vance found conduct similar to that of Denny's herein to meet prong one of the two prong employer defense.  The undisputed facts in *Cristia* demonstrated that when the employer learned of the harassing employee's actions, an e-mail was sent to all employees reaffirming the employer's sexual harassment policy provided in the Employee Handbook.  The employer also exchanged e-mails with the harassing supervisor and put him on notice of the complaint about his behavior.  The employer warned the supervising harassing employee that he should not "initiate or respond to any actions that may be construed as inappropriate behavior, sexual harassment or creating a hostile work environment" and that he should avoid "physical contact, suggestive language, [and] off color jokes[,] either verbal or by e-mail."  *Cristia,* 2004 WL 1801326 at *4.  The Plaintiff also testified that the alleged sexual harassment stopped after she complained and that the harassing supervisor "wouldn't come near [her]" and that the subject incident was the only such incident.  *Cristia,* 2004 WL 1801326 at *4.

Similar to *Cristia*, the undisputed facts in this case demonstrate that Denny's took immediate and permanent corrective action to promptly remedy and correct any sexual harassment.

Accordingly, the Court finds that Denny's has met its burden on prong one.

Turning now to the second prong, the Court must determine if the undisputed facts demonstrate the Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer. In *Cristia,* Judge Vance found the Plaintiff unreasonably failed to take advantage of the preventative and remedial opportunities offered by her employer. The facts in *Cristia* showed that Plaintiff failed to respond or react to the Program Manager's e-mail which contained an explicit request to personnel to report any sexual harassment to their immediate supervisor. Plaintiff did, however, report to the employer's attorney the alleged harassment and the attorney then informed the Program Manager who began an investigation. *Cristia,* 2004 WL 1801326 at *4-5. Despite the reporting by the harassed employee, Judge Vance found the plaintiff did not avail herself of the preventative and remedial opportunities and therefore, granted summary judgment on the sexual harassment claim.

Plaintiff argues that Denny's has not met its burden on the second prong because Denny's does not argue that Plaintiff failed to take corrective or preventive opportunities and further asserts that the evidence is against Denny's on this prong because she reported the incident. Rec. Doc. 63. Plaintiff also argues that Denny's has waived this defense because it is not in the Answer. Rec. Doc. 63 at p. 2 FN1 and Rec. Doc. 77 at p. 1, FN2.

Plaintiff's argument that Denny's cannot meet its burden on prong two because she reported the incidents the next day is without merit. In *Cristia,* the plaintiff also reported the incident and Judge Vance still found the employer entitled to the defense.

As to the failure to raise the remedial defense in the answer, the Court finds this argument meritless. Denny's raised the failure of Plaintiff to take corrective action in its Seventh Defense

8

providing: "[d]efendant had a policy which would have allowed plaintiff to report any alleged retaliation or harassment after her transfer an plaintiff failed to avail herself of said policy and reporting mechanism." Rec. Doc. 7 at p. 2. Further, Denny's Tenth Defense provides that "[a]s to her claim of sexual harassment, defendant promptly investigated and remedied the alleged harassment." Rec. Doc. 7 at p. 2. The Court finds this defense sufficient to allege the affirmative defense of remedial action by Denny's and failure to take corrective action by Plaintiff.

It is also undisputed that after the alleged incidents took place, Plaintiff did not tell anyone at the restaurant where she was employed what happened and instead went home. Exhibit "1" attached to Rec. Doc. 54 at p. 76. The next day she told someone at another Denny's location about the incident and at that time the manager of that location contacted the corporate office who then took action. Exhibit "1" at pp. 78, 80. This evidence, not disputed by the Plaintiff, demonstrates that she did not take any corrective or preventive measures in that she did not report the incidents to her immediate supervisor or to the corporate offices when the incident occurred. Further, Plaintiff has not submitted any evidence, other than mentioning the alleged incidents to employees at another Denny's location the next day, that she took any steps towards corrective or preventive measures. For the reasons provided herein, the Court finds that Denny's has met both prongs of the *Ellerth/Faragher* test.

### B. Punitive Damages[3]

Denny's also argues that it is entitled to summary judgment on Plaintiff's claim for punitive damages because Plaintiff cannot prove malice or reckless disregard of Plaintiff's rights. The Court

---

[3] There is some discussion in the record as to whether or not Plaintiff abandoned her punitive damages cause of action because in her proposed jury instructions she states that the she has "abandoned" those claims. Plaintiff counters she never abandoned the claims but specifically reserved the claims to be raised later. After reviewing the record on this issue, the Court finds that Plaintiff has not abandoned the punitive damage claim.

agrees. This Court has found that Plaintiff cannot establish a claim for Title VII sexual harassment; therefore, her claims for punitive damages under Title VII necessarily fail.

### III.  CONCLUSION

Summary judgment is granted because the undisputed facts demonstrate that Denny's took prompt remedial action once it learned of the alleged harassment by conducting an immediate investigation into Sotelo's actions then terminating his employment within the next one to two days and because Plaintiff failed to take any corrective or preventive opportunities

For the reasons stated herein,

**IT IS ORDERED** that Denny's, Inc.'s Motion for Summary Judgment is **GRANTED.**

New Orleans, Louisiana, this 10th day of March, 2008.

                          **G. THOMAS PORTEOUS, JR.**
                          **UNITED STATES DISTRICT JUDGE**